NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONAM PEMBA LAMA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-70119 <br><br> Agency No. A099-671-779 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Sonam Pemba Lama, a native and citizen of Nepal, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies concerning Lama's passport and visa, and concerning the follow-up medical attention Lama received after an alleged beating. *See id*. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). The agency reasonably rejected Lama's explanations. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir. 2007) (upholding agency finding that explanations for inconsistencies were insufficient). We reject Lama's contentions that the agency's findings rested on speculation, conjecture, and mischaracterizations of the record. Thus, in the absence of credible testimony, Lama's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Lama's CAT claim

because it was based on the same evidence found not credible, and Lama does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Nepal. *See Shrestha,* 590 F.3d at 1048-49. We reject Lama's contentions that the agency failed to consider record evidence and its analysis was deficient. Thus, Lama's CAT claim fails.

Finally, we reject Lama's contention that the IJ demonstrated bias during proceedings, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process claim), and his contention that the BIA ignored this argument on appeal.

**PETITION FOR REVIEW DENIED.**